UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN KLOSTERMAN,

    Plaintiff,

    vs.

SEDAMSVILLE COMMUNITY
DEVELOPMENT GROUP, *et al.,*

    Defendants.

Case No. 1:20-cv-119

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's *pro se* motion for injunctive relief (Doc. 5) and Defendants' memorandum contra. (Doc. 26). Plaintiff owns several properties in the Sedamsville neighborhood of Cincinnati. Since the mid-1990s, there have been numerous enforcement actions against him by the City for failing to maintain his properties, including twenty-two misdemeanor criminal cases. Plaintiff asks the court for a preliminary injunction to prevent the Defendants from pursuing additional adverse action against him. Plaintiff's request is not well-taken.

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir.2009) (emphasis added). An injunction decree should not be granted routinely. *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). "The decision to grant or deny a preliminary injunction is within the sound judicial discretion of the trial court." *Mt. Clemens v. U.S. Env't Prot. Agency*, 917 F.2d 908, 914 (6th Cir.1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir.1989)).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir.2004).

Here, Plaintiff has failed to establish the necessary elements for injunctive relief. The record fails to establish a likelihood of success on the merits. Plaintiff has made no attempt to support his claims with any factual evidence. Likewise, he has failed to establish that he will suffer irreparable harm absent injunctive relief.  The purpose of a preliminary injunction is to prevent irreparable injury and to preserve the Court's ability to render a meaningful decision on the merits (see *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 348 (6th Cir.1998). Plaintiff has failed to allege any actual or imminent injury.  To demonstrate irreparable harm, a plaintiff must show "actual and imminent" harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen*, Inc., 443 F.3d 540, 552 (6th Cir.2006).

In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 5) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN KLOSTERMAN,                         Case No. 1:20-cv-119

       Plaintiff,

                                                           Cole, J.
       vs.                                                       Bowman, M.J.

SEDAMSVILLE COMMUNITY
DEVELOPMENT GROUP, *et al.,*

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).