UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN KLOSTERMAN,                      Case No. 1:20-cv-119

    Plaintiff,

                                                                   Cole, J.
    vs.                                                   Bowman, M.J.

SEDAMSVILLE COMMUNITY
DEVELOPMENT GROUP, *et al.,*

    Defendants.

**REPORT AND RECOMMENDATION**

This matter is before the Court on numerous pending motions, including a motion for default judgment (Doc. 35), several motions to dismiss (Docs. 27, 33, 56), several motions for judgment on the pleading (Docs. 51, 52 53), a TRO (Doc. 64), and a motion to disqualify defense counsel (Doc. 55). All motions are now ripe and ready for review.

I.     Background.

The parties to this litigation have a long, contentious history. The interactions between the parties have centered around the numerous real estate properties that Plaintiff owns in the Sedamsville neighborhood of Cincinnati. The City of Cincinnati (hereinafter, "the City") has instituted numerous enforcement actions against Plaintiff for failing to maintain his properties, including twenty-two misdemeanor criminal cases.[1] In 2017, the City filed an action (hereinafter, the "Collection Action") to collect $578,801.23 the City alleged Plaintiff owed.[2] These liabilities included:

---

[1] See the criminal complaints filed in the Municipal Court for Hamilton County, Ohio for the following cases: /05/CRB/43116; /05/CRB/43117; /05/CRB/ 6235; /06/CRB/32029; /06/CRB/48277; /08/CRB/14820; 08/CRB/28439;/09/CRB/6720; /10/CRB/14441; /11/CRB/2321;/12/CRB/21483; /12/CRB/9411; /15/CRB/11767; /15/CRB/22314; /16/CRB/31744; /16/CRB/34677; /16/CRB/5972; /17/CRB/9635; /19/CRB/1129; /19/CRB/1131; /19/CRB/ 20761; /96/CRB/37101.
[2] *City of Cincinnati v. John Klosterman*, Hamilton Cty. Common Pleas Case No. A1703772.

      - $211,717.92 in actual costs incurred by the City with barricading and stabilizing his blighted properties

      - $259,400 in vacant building maintenance license fees

      - $80,623.50 in civil fines

      - $20,525.28 in unpaid water bills

      - $5,342.96 for actual costs incurred by the City in mowing grass at his properties and removing litter. (Doc. 27, PageID 170).

Judgment was entered against Plaintiff in the amount alleged in the complaint.[3]

In 2019, seven criminal misdemeanor cases were active against Klosterman: two for new building code violations and five for probation violations on prior cases (the "Criminal Cases").[4] On September 3, 2019, Klosterman was sentenced to thirty days in jail.[5] On November 25, 2019, the City filed a foreclosure action against Klosterman's properties.[6] The parties are currently litigating the foreclosure case.

Plaintiff now seeks to challenge, *inter alia,* the City's actions. Plaintiff asserts the following four claims in his complaint:

1. The City's enforcement of health and safety regulations constitutes selective enforcement that is a violation of the Due Process Clause of the Fourteenth Amendment.

---

[3] Amended Entry Granting Partial Summary Judgment in Favor of the City of Cincinnati, *City of Cincinnati v. John Klosterman*, Hamilton Cty. Common Pleas Case No. A1703772 (February 11, 2019). Klosterman filed a motion to vacate judgment, which was denied on May 5, 2020.
[4] See Judge's Sheet in the Municipal Court for Hamilton County, Ohio for the following cases: /19/CRB/13449; /19/CRB/1131; /19/CRB/1129; /16/CRB/34677; /16/CRB/31744; /17/CRB/9635; /19/CRB/20761/.
[5] See Judge's Sheet in the Municipal Court for Hamilton County, Ohio for the following cases: /16/CRB/34677; /17/CRB/9635; /19/CRB/1129; /19/CRB/1131; /19/CRB/13449 (sentencing to 30 days confinement). See also Judge's Sheet in the Municipal Court for Hamilton County, Ohio for /19/CRB/20761 (25 days confinement).
[6] Complaint, *City of Cincinnati v. John Klosterman*, Hamilton Cty. Common Pleas Case No. A1905588 (Nov. 25, 2019).

2. The City's mechanisms for delivering notice of violations and administrative hearing procedures violate the Due Process Clause of the Fourteenth Amendment.

3. The City's ordinances that allow civil fines to double violates the Excessive Fines Clause of the Eighth Amendment.

4. Plaintiff's incarceration for health and safety code violations violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. (See Doc. 4).

This civil rights action is now before the Court on numerous dispositive motions filed by the parties. The motions will be address in turn.

*1. City Defendants' motion to dismiss (Doc. 27)*

Defendants City of Cincinnati, City of Cincinnati Building Department, Art Dahlberg, Ed Cunningham, Lonnie Wise, Terry James, Jerry Meyer (sic), Shawn Manahan (sic), Dave Hardinger (sic), Will Cohen, Housing Court Prosecutor, City Solicitor's Department, Paula Bogg Muething (sic), Jacklyn Martin, Cincinnati Health Department – Lead Department, Rashmi Aparajit, Joe Wolfe (sic), Cincinnati Litter Patrol for Sedamsville, Mayor John Cranley, Office of Administrative Hearings, Chris Liu, and Chris Cain (hereinafter collectively the "City Defendants") now move to dismiss the Amended Complaint asserting, *inter alia,* that Plaintiff does not state any allegations against any individual employees of the City, that the various named City offices and departments do not have legal capacity to be sued, and that the Plaintiff's claims are a collateral attack against state court judgments and therefore should be barred by the doctrine of res judicata and *Rooker-Feldman* abstention. Defendants' contentions will be addressed in turn.

A. *Rooker-Feldman*

The *Rooker-Feldman* doctrine states that district courts lack subject-matter jurisdiction over challenges to state court determinations. Notably, under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state court decisions. Instead, a review of state court determinations may be obtained only by filing a petition for writ of certiorari in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923). The doctrine applies to any case in which a plaintiff attempts to bring an impermissible attack on a state court judgment.

Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486-87; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000). While parties can collaterally allege that a law or statute is unconstitutional, plaintiffs cannot relitigate in federal court the application of those laws from state court proceedings. *Jenkins v. City of Burlington*, E.D.Ky. No. 2:11-CV-00018-HRW, 2011 U.S. Dist. LEXIS 51706, at *12 (May 12, 2011); *Catz v. Chalker*, 142 F.3d 279, 293-294 (6th Cir. 1998)(District courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.).

Defendants argue that, in this case, Plaintiff alleges several claims that are a collateral attack on state court judgments. Namely, the City filed the Collections Action in state court against Plaintiff seeking a judgment on the collection of liabilities (costs,

4

fees and fines) that had been levied against Plaintiff over a number of years. The City was granted summary judgment on those claims. That judgment is now final and forms the basis for the foreclosure that is now pending.

As such, the City contends that the claims that the City has engaged in selective enforcement and that Plaintiff did not receive notice of the fines in the Collections Action are issues that are inextricably intertwined with the state court's judgment. Similarly, Plaintiff's claim that his incarceration is cruel and unusual punishment is a collateral attack on the Criminal Cases. His only allegation is that being subjected to incarceration for building code violations is unconstitutional. In light of the foregoing, the undersigned agrees that the court lacks jurisdiction to consider these claims based upon the facts presented.

*B. Res Judicata*

Federal courts must give the same preclusive effect to state-court judgments and decisions as those judgments and decisions would receive in the state courts. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). The preclusive effect of a state court judgment is determined by that state's law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 79 L. Ed. 2d 56, 104 S. Ct. 892 (1984). Under Ohio law, the doctrine of res judicata dictates that: [A] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.

5

*Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243, 431 N.E.2d 672 (1982).

Application of the doctrine of res judicata does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 2000 Ohio 148, 730 N.E.2d 958 (2000). Rather, "a valid, final judgment upon the merits of the case bars any subsequent action 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995). Furthermore, "[w]here a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 61 (2007).

The City Defendants argue this case is barred by *res judicata* because the four issues raised by Plaintiff all relate to the substance of the claims brought by the City in the Collections Action, as well as the Criminal Cases. The City defendants therefore contend that such claims should have been litigated in state court, not here. The undersigned agrees.

C. *Conclusory Allegations*

Additionally, Defendants contend that Plaintiff does not state any allegations against any individual employees of the City. The various named City offices and departments do not have legal capacity to be sued. In addition, Plaintiff's claims for excessive fines and violations due process are barred by the two-year statute of limitations. Plaintiff also does not have standing to assert due process claims regarding ineffective notice or administrative appeals because he has failed to allege any injury that

has resulted from the alleged violations. Finally, the asserted claims are conclusory. The few factual allegations fail to state a plausible claim under either the Due Process Clause of the Fourteenth Amendment or the Eighth Amendment.

For these reasons, it is herein **RECOMMENDED** that the City Defendants' motion to dismiss (Doc. 27) is well-taken and should be **GRANTED.**

*2. Motion for Default Judgment (Doc. 35)*

Plaintiff seeks default judgment against Defendants Chris Cain, Cindy Bastin, and Patricia Burke asserting that they have failed to plead or otherwise defend in this action. (Doc. 35). Plaintiff's motion is unavailing. As noted by Defendants, at the time Plaintiff's motion was filed, there is no indication that the defendants had been properly served with Plaintiff's Summons and Complaint. Accordingly, there is no evidence that Defendants have failed to plead or otherwise defend in this action. Plaintiff's motion (Doc. 35) is premature and should be **DENIED as MOOT.**

*3. Motions to Dismiss and Motions for Judgment on the Pleadings (Docs. 33, 51, 52, 53, 56)*

On March 24, 2020, Defendant Bouchard filed a motion to dismiss Plaintiff's claims against him. (Doc. 33). Plaintiff did not respond to the motion. The Court then ordered Plaintiff to show cause, in writing, why the motion should not be construed as unopposed and granted for the reasons' stated. Plaintiff was also put on notice that his failure to timely comply with the show cause order would result in a Report and Recommendation to the District Judge that the pending motion be granted. (Doc. 50). Plaintiff has not responded to the Show Cause Order or filed any responsive pleading to Defendant's motion to dismiss.

7

In June 2020, Defendants Patricia A. Burke, Sedamsville Community Development Corp, Cindy Bastin, Sedamsville Civic Association, Hamilton County Landbank, Jessica Powell, and Kelley Allesee filed motions for judgment on the pleadings. (Docs. 51, 52, 53). Again, Plaintiff did not respond to the motions. On July 15, 2020, the Court ordered Plaintiff to show cause, in writing, why the motions should not be construed as unopposed and granted for the reasons' stated. (Doc. 61). The Order explicitly stated: "[f]ailure to timely comply with this Order will result in a Report and Recommendation to the District Judge that the pending motion be granted." *Id.* Plaintiff has not responded to the show cause order nor has he filed any responsive pleadings directed to the pending motions.

Accordingly, **IT IS RECOMMENDED** that Defendant Bouchard's motion to dismiss (Doc. 33) be granted, and Plaintiff's claims against him **DISMISSED** for the reasons stated in the pending motion. Namely, that the *Rooker-Feldman* doctrine prevents the court from exercising jurisdiction over Plaintiff's claim against him. Plaintiff has failed to properly plead sufficient facts to support a plausible claim, that Defendant Bouchard is entitled to absolute judicial immunity. Defendant Bouchard makes well-founded arguments that are herein adopted by the undersigned. In addition, Plaintiff's claims against Defendant Bouchard should also be dismissed based upon Plaintiff's failure to comply with the Court's "show cause" order and failure to prosecute.

It is further **RECOMMENDED** that Defendants Patricia A. Burke, Sedamsville Community Development Corp, Cindy Bastin, Sedamsville Civic Association, Hamilton County Landbank, Jessica Powell, and Kelley Allesee's motions for judgment on the pleadings (Docs. 51, 52, 53) be granted and Plaintiff's claims against them be

DISMISSED for the reasons stated in the pending motions. Namely, that the *Rooker-Feldman* doctrine prevents the court from exercising jurisdiction over Plaintiff's claim against them. Plaintiff has failed to properly plead sufficient facts to support a plausible claim, and Plaintiff's claims are barred by the doctrine of *res judicata*. In sum, Defendants make well-founded arguments that are herein adopted by the undersigned. In addition, Plaintiff's claims against these Defendants should also be dismissed based upon Plaintiff's failure to comply with the Court's "show cause" order and failure to prosecute.[7]

### 4. Motion for Temporary Restraining Order (Doc. 64)

Plaintiff asks the Court to enjoin a receiver appointed by the state court, who is not a party to this action. Specifically, Plaintiff seeks an order against "the City of Cincinnati's receiver Konza LLC, and the management company under his direction, Tristate Organization Inc." (Doc. 64). Plaintiff asks the Court to grant an emergency temporary restraining order to stop the fraudulent and gross misuse of Plaintiff funds and to protect the historic value of properties being damaged by Tristate Organization Inc. …" (Doc. 64). Plaintiff's motion lacks merit.

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir.2009) (emphasis added). An injunction decree should not be granted routinely. *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). "The decision to grant or deny a preliminary injunction is within the sound judicial discretion of the trial court." *Mt. Clemens*

---

[7] Plaintiff has also moved to dismiss, without prejudice, his claims against Cindy Baston, Patricia Burke, Sedamsville Civic Association, Jessica Powell, Kelly Allasee and Hamilton County Land Bank. (Doc. 56). In light of the recommendation that Plaintiff's claims against these defendants be dismissed with prejudice, Plaintiff's motion to dismiss (Doc. 56) should be **DENIED as MOOT**.

9

*v. U.S. Env't Prot. Agency*, 917 F.2d 908, 914 (6th Cir.1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir.1989)).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir.2004).

Here, Plaintiff has failed to establish the necessary elements for injunctive relief. As noted by Defendants, Plaintiff is requesting that the Court enjoin a non-party who the Court lacks jurisdiction over. Second, Plaintiff is, among other things, unlikely to succeed on the merits because no claims are asserted against the non-party and no relevant allegations are made against the City. Plaintiff has made no attempt to support his claims with any factual evidence. Likewise, he has failed to establish that he will suffer irreparable harm absent injunctive relief. Again, he fails to support his conclusory allegations of irreparable harm with factual evidence.

In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 64) be **DENIED.**

In sum, it is herein **RECOMMENDED** that the following motions be **DENIED** (Docs. 35, 55[8], 56, 64 and the following motions be **GRANTED.** (Docs. 27, 33, 51, 52, 53). As no further matters remain, it is also **RECOMMENDED** that this matter be **TERMINATED** on active docket of this Court.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[8] Plaintiff seeks to disqualify counsel for City Defendants. (Doc. 55). The motion is not well taken. Plaintiff fails to develop this argument in any meaningful way.  Furthermore, the motion is moot in light of the recommendation that this matter be dismissed.  As such, the motion should be denied.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN KLOSTERMAN,

    Plaintiff,

    vs.

SEDAMSVILLE COMMUNITY
DEVELOPMENT GROUP, *et al.,*

    Defendants.

Case No. 1:20-cv-119

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).